United States Courts Southern
District of Texas
FILED

*01/05/2021*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| Dr. Adekunle C. Omoyosi, PharmD. *Plaintiff* | ) Case No. 4:20-cv-03315 ) ) ) |
| **-v-** | ) ) ) ) |
| Texas Health and Human Services Commission *Defendant* | ) ) ) ) ) ) ) |

# COMPLAINT AND REQUEST FOR INJUNCTION

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

| | |
|---|---|
| Name | Dr. Adekunle C. Omoyosi, PharmD. |
| Street Address | 8450 Cambridge St., No. 3187 |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77054 |
| Telephone Number | 513-237-9474 |
| E-mail Address | omoyosi@gmail.com |

    **B.     The Defendant(s)**

| | |
|---|---|
| Name | Texas Health and Human Services Commission |
| Street Address | 4900 N. Lamar Blvd. |
| City and County | Austin |
| State and Zip Code | Texas 78751-2316 |
| Telephone Number | 512-424-6500 |

## II. Basis for Jurisdiction

☒ Title VI of the 1964 Civil Rights Act.

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e to 2000e-17 (race, color, gender, religion, national origin).

## III. Statement of Claim

A. In reference to Supreme Court decision McDonnell Douglas Corp. v Green, the Plaintiff: is (1) a member of a Title VII protected group, a Black-American man; (2a) submitted applications to Texas Health and Human Services Commission (TxHHS), for the positions of: Emerging & Acute Infectious Disease Unit Director, Vaccine Management Group Manager, Chief Information Officer, and Chief Program and Services Officer; (2b) possesses qualifications that include, but are not limited to: under graduate research experience building a bioinformatics database with a former Program Director of the National Science Foundation; Advanced Pharmacy Practice Experience at the only Historically Black College and/or University (HBCU) in The World's Largest Medical Center, Texas Medical Center; a corporate partnership with Nvidia, the Artificial Intelligence computing company; 6+ years of Registered Pharmacist experience, with vaccine administration certification; 11+ years of Healthcare Industry experience; Bachelors of Science in Biochemistry and Molecular Biology, as a Charles Drew Science Scholar; a cum laude Pharmacy Doctorate (PharmD); and specialized training from the Department of Defense (DoD) and the Federal Emergency Management Agency (FEMA) - specifically Forecasting Techniques, Predictive Analysis & Systems Engineering, Information Technology Service Management, Program Leadership, and Exercising Continuity Plans for Pandemics. From the dates of 2019/08/22 to 2019/09/01, months before an official declaration of the Covid-19 pandemic, TxHHS implemented a seemingly neutral policy or procedure of obstructionism by blocking, demoting, and interference; which (3) resulted in the failure to hire. On or about 2020/09/20, a Texas Workforce Commission Civil Rights Division preliminary determination concluded the TxHHS seemingly neutral policy or procedure of obstructionism by blocking, demoting, and interference were not a business necessity; in addition to confirming (4) the hiring of applicants outside of the Plaintiff's protected class.

B. The Defendant's seemingly neutral policy or procedure of obstructionism by blocking, demoting, and interference follows the conclusions of studies on implicit discrimination in hiring practices, including but not limited to "Are Emily and Greg More Employable than Lakisha and Jamal? A Field Experiment on Labor Market Discrimination," see https://www.uh.edu/~adkugler/Bertrand&Mullainathan.pdf; revealing disparate impact, a violation of Title VII of the Civil Rights Act of 1964.

C. On or about 2020/03/13, Texas Governor Greg Abbott, former Attorney General (AG) with the current duty of managing the TxHHS Executive Commissioner, declared a state of disaster and the Texas Department of State Health Services declared a public health disaster six days later; but TxHHS commissioned no further actions or statements from TxHHS. See https://gov.texas.gov/news/post/governor-abbott-holds-press-conference-on-coronavirus-declares-state-of-disaster-for-all-texas-counties.

D. On or about 2020/03/23, Lieutenant Governor Dan Patrick, from the office that manages the TxHHS Executive Commissioner, appeared on television to insinuate vulnerable racial and socioeconomic groups were to be scarified for the economy. TxHHS commissioned no further actions or statements. See https://www.texastribune.org/2020/12/05/dan-patrick-covid-legislative-session/.

E. On or about 2020/03/27, the US government authorized TxHHS to extend coverage for the Supplemental Nutrition Assistance Program (SNAP) and Medicaid, but TxHHS commissioned no further actions or statements. See https://www.texastribune.org/2020/03/28/coronavirus-updates-texas-mckinney-coronavirus-order-spurs-lawsuit/.

F. On or about 2020/04/09, TxHHS reports that COVID-19 cases were confirmed at approximately 13

percent of the 1,222 nursing homes in the state; but commissioned no further actions or statements. See https://www.texastribune.org/2020/04/09/texas-coronavirus-cases-nursing-homes/.

G. On or about 2020/04/17, Governor Abbott, former AG with the current duty of managing the TxHHS Executive Commissioner, began the process of reopening the Texas economy, establishing the "Strike Force To Open Texas." The team included state leaders, medical experts, and a business advisory group - members of the Republican Party. See https://gov.texas.gov/news/post/governor-abbott-issues-executive-order-establishing-strike-force-to-open-texas and https://www.statesman.com/news/20200417/whorsquos-on-abbottrsquos-strike-force-to-open-texas. TxHHS commissioned no further actions or statements.

H. On or about 2020/04/23, TxHHS received $54 million through the CARES ACT to provide COVID-19 support for disability and geriatric services. TxHHS commissioned no further actions or statements. See https://www.easttexasmatters.com/news/local-news/texas-receives-54-million-to-assist-seniors-and-those-with-disabilities/.

I. On or about 2020/05/12, Governor Abbott, former AG with the current duty of managing the TxHHS Executive Commissioner, extended the ongoing disaster declaration for Texas for a second time. See https://www.kxan.com/news/texas/gov-abbott-extends-disaster-declaration-for-all-texas-counties/. TxHHS is authorized by the USDA to provide $285 per child for families without access to free or discounted school meals due to COVID-19, amounting to over $1 billion for the state in food benefits. See https://www.kltv.com/2020/05/12/state-provide-over-billion-pandemic-food-benefits-texas-families/. Texas AG Ken Paxton, the Defendant counsel, pens letters to Bexar, Dallas, and Travis counties and the mayors of Austin and San Antonio warning them not to implement pandemic. See https://thehill.com/homenews/state-watch/497445-texas-ag-warns-cities-against-enforcing-stricter-coronavirus. TxHHS commissioned no further actions or statements.

J. On or about 2020/06/26, Governor Abbott, former AG with the current duty of managing the TxHHS Executive Commissioner, began reversing the reopening plan. See https://www.cnbc.com/2020/06/26/texas-rolls-back-its-reopening-a-day-after-pausing-plans-as-coronavirus-cases-rise.html. The Governor Abbott admitted "if I could go back and redo anything, it would probably would have been to slow down to opening bars, now seeing in the aftermath of how quickly the corona-virus spread in the bar setting." See https://www.texastribune.org/2020/06/26/greg-abbott-texas-bars-regret/. Harris County Judge Lina Hidalgo evaluates the county as having reached the highest threat level, indicating a "severe and uncontrolled level of COVID-19;" called for the reinstatement of a stay-at-home order for the county, in addition to prohibiting outdoor gatherings with more than 100 people in unincorporated parts of the county. See https://www.houstonchronicle.com/news/houston-texas/houston/article/harris-county-hidalgo-threat-level-stay-at-home-15368478.php. TxHHS commissioned no further actions or statements.

K. On or about 2020/09/03, Former Assistant Texas AG Nick Moutos, working in the office that manages TxHHS since 2017, was involuntary separated for tweets that used extreme language against an individual or a group that either implies a direct threat that physical force will be used against them, or is seen as an indirect call for others to use it. See https://kvia.com/news/texas/2020/09/06/assistant-texas-attorney-general-loses-job-after-bigoted-conspiracy-theory-tweets-surface/, https://www.texastribune.org/2020/09/03/nick-moutos-texas-attorney-general/, and https://www.houstonchronicle.com/politics/texas/article/texas-assistant-ag-social-media-posts-fired-warned-15558487.php. TxHHS commissioned no further actions or statements.

L. On or about 2020/09/15, AG Paxton, the Defendant counsel, opposed an expansion of absentee voting in Harris County for the safe continuance of democracy during Covid-19 pandemic. See https://www.texastribune.org/2020/09/15/harris-county-mail-in-ballot-applications/. Encompassing Houston, Harris County has 2.4 million registered voters in Harris County, and is heavily Black or

African-Americans and Hispanic or Latino-Americans county. See https://www.census.gov/quickfacts/harriscountytexas. Covid-19 disproportionately impacts Black or African-Americans and Hispanic or Latino-Americans. See https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html. TxHHS commissioned no further actions or statements.

M. On or about 2020/10/03, seven executives in the upper tiers of the AG office, the Defendant counsel, released a statement, writing: "we have a good faith belief that the Attorney General is violating federal and/or state law, including prohibitions relating to improper influence, abuse of office, bribery and other potential criminal offenses." See https://www.statesman.com/news/20201003/top-aides-accuse-texas-attorney-general-ken-paxton-of-bribery-abusing-office. The executives held titles and duties that included, but were not limited to: first assistant attorney, deputy and deputy attorneys general; and oversight into office's policy, administration, civil litigation, criminal investigations and legal counsel divisions. TxHHS commissioned no further actions or statements.

N. On or about 2020/10/29, Texas AG Paxton, the Defendant counsel, challenged a two-week shutdown of nonessential businesses ordered by El Paso County Judge Ricardo Samaniego. El Paso had daily case counts of over 1,000 per day, and hospitals were overwhelmed, with 44% of patients under treatment for COVID-19. See https://www.texastribune.org/2020/10/29/texas-coronavirus-rural-hospitals/ and https://www.texastribune.org/2020/10/29/el-paso-coronavirus-shutdown/. TxHHS commissioned no further actions or statements.

O. On or about 2020/12/18, an assistant Texas AG, the Defendant counsel, confirmed receipt of summons and attempted to blame the Plaintiff for the Defendants lack of due diligence, writing: "HHSC did not believe it had been served in this lawsuit until you filed the Proof of Service of Summons this week. After reviewing their records HHSC found that it had received your lawsuit via certified mail, but the mailing was inadvertently overlooked. This oversight was due to pure mistake and accident and was not the result of bad faith or ill motive." On or about the same day a motion to dismiss the original complaint with prejudice was filed. TxHHS commissioned no further actions or statements.

P. TxHHS, the Texas government's administrator of health and human services, breached their duty of improving the health, safety and well-being of Texans with good stewardship of public resources; in the syndemic of health disparities, disparate impact, and the COVID-19 pandemic.

## IV.  Irreparable Injury

No reasonable person from a rationale society would ever accept the TxHHS breach of duty as "due to pure mistake and accident and…not the result of bad faith or ill motive." TxHHS, the Texas government's administrator of health and human services, breached their duty of improving the health, safety and well-being of Texans with good stewardship of public resources; in the syndemic of health disparities, disparate impact, and the COVID-19 pandemic - an irreparable injury to the Plaintiff as a Black-American man, Healthcare Provider, and Texan.

On or about 2020/07/20, the Texas comptroller predicted a $4.6 billion budget shortfall due to corona-virus. See https://www.houstonchronicle.com/news/houston-texas/houston/article/coronavirus-live-updates-news-houston-area-15419818.php. As of 2020/12/12, Texas had the second-highest number of confirmed cases in the United States, behind California; it has the second-highest count of deaths related to the virus, behind New York. See https://www.cdc.gov/corona-virus/2019-ncov/cases-updates/cases-in-us.html. As of 2020/12/30, Texas has administered 205,463 COVID-19 vaccine doses, equivalent to 0.71% of the population. See https://www.bloomberg.com/graphics/covid-vaccine-tracker-global-distribution/. As of 2021-01-05, the number of deaths in the US have reached more than 300,000, with a new Coronavirus mutation confirmed. Monetary damages at a later time would not adequately compensate for the injuries Plaintiff sustained, or will sustain as a result of the events described above, and such compensation cannot be measured.

Considering the balance of hardships between the Plaintiff, pro se, and the Defendant, a remedy in equity is warranted. Health disparities -unacceptable to a reasonable person in a rational society- are known to this society, with outcomes that are predictable, thus preventable, considering: Texas is the state with the World's Largest Medical Center, Texas Medical Center; Texas has the highest uninsured rate for adults and children, see https://www.census.gov/library/visualizations/interactive/uninsured-rate.html; in general, Medicaid is a principal source of healthcare financing for minority Americans, see https://www.nap.edu/read/10260/chapter/25?term=insurance#679; and research has found that healthcare providers of color are more likely to treat minority patients and practice in undeserved communities, see https://hbr.org/2018/08/research-having-a-black-doctor-led-black-men-to-receive-more-effective-care. As Covid-19 cases surge, 28+ million Texas residents are suffering through no fault of their own and need relief. There is no way to bring back the lives lost by the obstructionism, incompetence, or negligence of the Texas Executive; the remedies available at law are inadequate to compensate that injury.

The public interest would not be dis-served by an injunction. The state of Ohio, the city of Cleveland, San Bernardino County in California, and other jurisdictions in the US are in stages of formally declaring the syndemic an issue, see https://www.popsci.com/story/health/racism-public-health/ and Statement of Claims. The American Academy of Pediatrics, American Medical Association and American College of Physicians agree, see https://edition.cnn.com/2020/06/01/health/racism-public-health-issue-police-brutality-wellness-bn/index.html.

## V. Relief

The Plaintiff requests relief in the form a preliminary injunction in the structure of health, safety, and labor of the Defendant to correct or prevent abridged the immunities, privileges, or rights of people in the Texas, with: (1) an emergency 2-week state wide stay-at-home order, shut down of nonessential businesses, and mandatory masks in public spaces, in response to new Coronavirus variants and surging cases, with reopening plans oversaw by an independent advisory committee of members disproportionately effected by Covid-19; (2) immediate ethics training, integrity training, racial diversity training, and whistle-blower complaint training for TxHHS from a Texas HBCU, at least quarterly, not to expire; (3) emergency and significant increase in racially diverse members of TxHHS advisory committees, not to expire; (4) emergency Medicaid expansion and other Benefits and Services for equal protection of the public, not to expire; (5) emergency TxHHS Oversight of Regulatory Functions from an independent racially diverse advisory committee, not to expire; (6) emergency and significant increases in enforcement of current civil rights laws; and (7) all other equitable remedies.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            2021-01-05


Signature of Plaintiff                              /s/
Printed Name of Plaintiff            Dr. Adekunle C. Omoyosi, PharmD.

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Instrument was sent via standard mail, USPS tracking No. 7018 3090 0000 7277 5297, or email on January 5th, 2021 to the following:

| Texas Health and Human Services Commission<br>4900 N. Lamar Blvd.<br>Austin, TX 78751-2316 | Brian.Aslin@oag.texas.gov<br>Office of Attorney General of Texas<br>PO Box 12548 Capitol Station<br>Austin, Texas 78711-2548 |
|---|---|

Date: <u>2021-01-05</u>                            /s/
                                                                          Dr Adekunle C. Omoyosi, PharmD.,
                                                                          Plaintiff, Pro Se
                                                                          8450 Cambridge Ct., No. 3187
                                                                          Houston, TX 77054

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Dr. Adekunle C. Omoyosi, PharmD. <br> *Plaintiff* <br><br> -v- <br><br> Texas Health and Human Services Commission <br> *Defendant* | Case No. 4:20-cv-03315 |

# **ORDER**

     HAVING READ AND CONSIDERED Plaintiff Dr. Adekunle C. Omoyosi, PharmD., Complaint and Request for Injunction, it is hereby ORDERED AS FOLLOWS: (1) an emergency 2-week state wide stay-at-home order, shut down of nonessential businesses, and mandatory masks in public spaces, in response to new Coronavirus variants and surging cases, with reopening plans oversaw by an independent advisory committee of members disproportionately effected by Covid-19; (2) immediate ethics training, integrity training, racial diversity training, and whistle-blower complaint training for TxHHS from a Texas HBCU, at least quarterly, not to expire; (3) emergency and significant increase in racially diverse members of TxHHS advisory committees, not to expire; (4) emergency Medicaid expansion and other Benefits and Services for equal protection of the public, not to expire; (5) emergency TxHHS Oversight of Regulatory Functions from an independent racially diverse advisory committee, not to expire; (6) emergency and significant increases in enforcement of current civil rights laws; and (7) all other equitable remedies.


Date: _____                             _____
                                                                            Honorable Simeon Timothy Lake III
                                                                             United State District Judge