IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Dr. Adekunle C. Omoyosi, PharmD, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-03315 |
| | § | |
| Texas Health and Human Services | § | |
| Commission, | § | |
| *Defendant.* | § | |

---

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND REQUEST FOR INJUNCTION**

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

BRIAN A. ASLIN
Assistant Attorney General
Attorney in Charge
General Litigation Division
Texas Bar No. 24106850
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4196
Facsimile: (512) 320-0667
brian.aslin@oag.texas.gov

**COUNSEL FOR DEFENDANT**

# TABLE OF CONTENTS

I. Introduction ..................................................................................................... 5

II. Motion to Dismiss ........................................................................................... 6

    A. Standard of Review. ................................................................................. 6

        1. Federal Rule of Civil Procedure 12(b)(1). ...................................... 6

        2. Federal Rule of Civil Procedure 12(b)(6). ...................................... 7

    B. Arguments and Authorities. ...................................................................... 8

        1. Plaintiff did not plead sufficient facts to state a plausible
           discrimination claim.                                     8

        2. Plaintiff has not pleaded a disparate impact claim. ...................................9

        3. Plaintiff does not have standing to challenge HHSC's COVID-19
           response.................................................................................................. 11

        4. HHSC retains sovereign immunity to any challenge to its COVID-
           19 response............................................................................................. 12

    C. Conclusion. .............................................................................................. 14

III. Response to Request for Injunction .................................................................. 15

    A. Standard of Review ................................................................................... 15

    B. Arguments and Authorities ....................................................................... 16

        1. Plaintiff's requested relief does not match his complaint. ......................... 16

        2. Plaintiff has not shown a likelihood that he will prevail on the
           merits. ................................................................................................... 17

        3. Plaintiff cannot demonstrate a substantial threat that he will suffer
           irreparable injury if the injunction is not granted. ................................... 17

        4. Plaintiff cannot demonstrate his alleged injury outweighs the
           threatened harm to HHSC. ..................................................................... 18

        5. The public interest weights in favor of HHSC. ......................................... 18

    C. Conclusion .............................................................................................. 19

IV. Prayer ............................................................................................................ 19

# TABLE OF AUTHORITIES

## Cases

*Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ...................................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 7

*Cephus v. Texas Health and Human Services Commission*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015) .............................................................................................. 13

*Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). ..................... 7

*Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013)...................................... 12

*Daigle v. Gulf State Utils. Co.*, 794 F.2d 974 (5th Cir. 1986) ........................................................................... 13

*Ex parte Young*, 209 U.S. 123 (1908) ....................................................................... 13, 14

Federal Rule of Civil Procedure 12(b)(1) .................................................................. 5

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). ............................................................................................................ 11

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990) .............................................. 11

*Griggs v. Duke Power Co.*, 401 U.S. 424 (1971) ...................................................... 10

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ......... 15

*Hooks v. Landmark Indus., Inc.*, 797 F.3d 309 (5th Cir. 2015) ................................. 6

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) ......................................................................................... 14

*Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97, 99 (Tex. App.—Austin 2014) .......................................................................................................... 13

*King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ..................................................... 7

*Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) ......... 12

*Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir.) ................. 12

*Lewis v. Casey*, 518 U.S. 343, 357-58 & n. 6 (1996)................................................. 12

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ...................................................... 11

*McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 275 (5th Cir. 2008)........................... 10

*Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). ............................................................................................................ 16

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). ........... 13

*Okoye v. Univ. of Tex. Houston Health Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).... 8

*Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016)............................. 8

*PCI Transp. Inc. v. Fort Worth & Wstrn. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005). ....................................................................................................................... 15

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).................... 13

*Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002) ............................................................. 11

*Planned Parenthood of Houston & Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). ...................................................................................................................... 15

*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) .................................................... 7

*Port Auth. Trans-Hudson Corp. v. Feeney*,
    495 U.S. 299 (1990) .................................................................................................. 13

*R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941) ................................... 18

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ................................................ 6

*Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900 (5th Cir. 1997) ..................... 7

*Seminole Tribe of Fla. v. Fla.*,
    517 U.S. 44 (1996) .................................................................................................... 14

*Sossamon v. Tex.*,
    563 U.S. 277 (2011) .................................................................................................. 13

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). ............................ 11

Title VII of the Civil Rights Act of 1964 ......................................................................... 5

*Va. Office for Protection & Advocacy v. Stewart*,
    563 U.S. 247 (2011) .................................................................................................. 14

*Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988) .................................. 10

*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). .......................................... 18

*White* v. *Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) .............................................. 15

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 26–31 (2008) ............................... 18

*Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008) ............................... 17

## Other Authorities

U.S. Const. art. III, § 2, cl. 1 ........................................................................................... 12

## Rules

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 5, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 5, 7

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Texas Health and Human Services Commission (HHSC) and files this Motion to Dismiss Plaintiff's Amended Complaint and Request for Injunction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and shows the Court the following:

## I. INTRODUCTION

1. This is a pro se failure to hire employment discrimination case. Plaintiff makes no assertion he is currently employed by HSSC or has ever been employed by HHSC. Plaintiff alleges a basis for jurisdiction under Title VI and Title VII of the Civil Rights Act of 1964, although only appears makes a claim under Title VII. Dkt. 11 at 2. Specifically, Plaintiff claims HHSC discriminated against him based on his race by failing to hire him for four senior-level positions. *Id*. In his amended complaint Plaintiff makes complaints about HHSC and the State of Texas' response to COVID-19. *Id*. at 2-6. Inexplicably, Plaintiff also requests that this Court issue an injunction ordering various kinds of relief including a state-wide stay-at-home order, a shutdown of all nonessential businesses, and Medicaid expansion. *Id*. at 6.

2. Plaintiff's amended complaint should be dismissed in its entirety because Plaintiff does not state any claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because: (1) Plaintiff fails to plead sufficient facts that he was qualified for the positions he applied for; (2) Plaintiff only provides a conclusory allegation that the positions were filled by someone outside his protected class; (3) Plaintiff has not alleged facts to assert a disparate impact

claim; (4) Plaintiff does not allege facts to establish standing for the relief he requests; and (5) Plaintiff does not allege any waiver of HHSC's sovereign immunity for any claim or requested relief. Plaintiff's requested injunctive relief should also be denied because the relief requested does not match his amended complaint, he cannot establish any element for a right to an injunction, and the Court does not have jurisdiction to grant the requested relief because HHSC retains sovereign immunity to the requested relief.

3.     HHSC respectfully requests the Court dismiss Plaintiff's Amended Complaint and Request for Injunction for the reasons set forth below.

## II.   MOTION TO DISMISS

### A.   Standard of Review.

#### 1.   Federal Rule of Civil Procedure 12(b)(1).

4.     Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* Under a Rule 12(b)(1) jurisdictional challenge, the Court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

## 2. Federal Rule of Civil Procedure 12(b)(6).

5.      Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

6.      "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

7.      Courts "hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

**B.    Arguments and Authorities.**

    **1.    Plaintiff did not plead sufficient facts to state a plausible discrimination claim.**

8.    In his amended complaint, Plaintiff makes the conclusory allegation that HHSC discriminated against him by failing to hire him. However, Plaintiff fails to state any facts that would support such a claim as shown below.[1]

9.    The Fifth Circuit has held that "to establish a prima facie case [of discrimination], [the plaintiff] must provide evidence 'that [he] (1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably.'" *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (quoting *Okoye v. Univ. of Tex. Houston Health Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001)).

10.    The only relevant paragraph reading Plaintiff's failure to hire claims in Plaintiff's amended complaint is nothing more than a list of conclusory allegations that do not raise his right to relief above the speculative level and therefore do not

---

1 It should be noted that Plaintiff has not alleged any facts in his amended complaint that he exhausted his administrative remedies prior to filing this lawsuit. "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). Here, Plaintiff's amended complaint supersedes his original complaint and renders the original complaint of no legal effect because his amended complaint does not specifically refer to and adopt or incorporate by reference the earlier pleading. *See King*, 31 F.3d 346. Plaintiff's amended complaint makes no reference to an EEOC charge at all, let alone that a charge was ever filed or that a right to sue letter was ever issued. Dkt. 11. Therefore, Plaintiff has not stated a claim upon which relief can be granted because he failed to plead factual allegations that are mandatory to bring a Title VII lawsuit in federal court.

state a claim upon which relief can be granted. Dkt. 11 at 2; *see also Chhim*, 836 F. 3d 469; *Iqbal*, 556 U.S. at 679.

11.    Specifically, Plaintiff lists a series of general qualifications he claims to possess but does not include the requirements of the four positions he applied for or that his qualifications meet those requirements such that he was qualified for any of the positions. Dkt. 11 at 2. Further, Plaintiff makes the conclusory allegation that HHSC hired applicants outside of the Plaintiff's protected class. *Id*. Plaintiff does not identify who was hired and their race or how they are outside his protected class. Consequently, Plaintiff has failed to allege sufficient facts to state a plausible discrimination claim and meet threshold requirements under the above cited Fifth Circuit precedent because he has not asserted that he was qualified for any of the four positions he applied for and only provides a conclusory allegation that those hired for the four positions were outside his protected class.

12.    Moreover, Plaintiff's amended complaint contains fifteen additional paragraphs that are not relevant to his employment discrimination claim, but rather appear to be a series of generalized grievances about the State of Texas' response to the COVID-19 pandemic, particularly against HHSC, Governor Abbott, Lieutenant Governor Patrick, Attorney General Paxton, and the undersigned counsel. *Id*. at 2-4. These paragraphs are wholly immaterial to this case and only underscore that Plaintiff has not stated a claim upon which relief can be granted.

## 2.    Plaintiff has not pleaded a disparate impact claim.

13.    In his amended petition, Plaintiff makes conclusory allegations that

HHSC "implemented a seemingly neutral policy or procedure of obstructionism by blocking, demoting, and interference" that resulted in the failure to hire him. Dkt. at 11. To the extent Plaintiff is attempting to plead a disparate impact claim, he fails to state such a claim upon which relief can be granted.

14.     "[A] plaintiff need not necessarily prove intentional discrimination in order to establish that an employer has violated § 703 [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.]" *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971)). "In certain cases, facially neutral employment practices that have significant adverse effects on protected groups have been held to violate the Act without proof that the employer adopted those practices with a discriminatory intent." *Id.* at 986–87. "The factual issues and the character of the evidence are inevitably somewhat different when the plaintiff is exempted from the need to prove intentional discrimination." *Id.* at 987. "The evidence in these 'disparate impact' cases usually focuses on statistical disparities, rather than specific incidents, and on competing explanations for those disparities." *Id.* "To establish a prima facie case of discrimination under a disparate-impact theory, a plaintiff must show: (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two." *McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 275 (5th Cir. 2008).

15.     Here, Plaintiff has not pleaded any facts that would support a disparate impact claim. He makes the conclusory allegation that HHSC "implemented a seemingly neutral policy or procedure of obstructionism by blocking, demoting, and

interference" but does not plead any factual allegations to identify any such policy or practice, its disparate effect on members of a protected class, and a causal connection between the two. Therefore, the Court should dismiss any disparate treatment claim Plaintiff attempts to make under Federal Rule of Civil Procedure 12(b)(6).

### 3. Plaintiff does not have standing to challenge HHSC's COVID-19 response.

16.     Plaintiff attempts to make a series of allegations about HHSC's COVID-19 response but does not articulate any cause of action and fails to demonstrate Article III standing to assert any claims.

17.     "[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted). To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant (causation); and (3) that is likely to be redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). All three elements are "an indispensable part of the plaintiff's case" and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

18.     "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers

of the political branches." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013). "'[S]tanding is not dispensed in gross'; a party must have standing to challenge each 'particular inadequacy in government administration.'" *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) (quoting *Lewis v. Casey*, 518 U.S. 343, 357-58 & n. 6 (1996)); *see also* U.S. Const. art. III, § 2, cl. 1. "[E]ach element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, with the same evidentiary requirements of that stage of litigation." *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir.), as revised (Feb. 1, 2018), cert. denied, 139 S. Ct. 211 (2018) (quotation marks omitted).

19.     Here, Plaintiff has not alleged any facts that he has suffered an injury-in-fact, so there is no way that Plaintiff can trace an injury-in-fact to HHSC and prove that a favorable decision would redress an injury-in-fact. Therefore, because Plaintiff has not alleged threshold facts to assert standing, he has not pleaded a claim upon which relief can be granted.

### 4.     HHSC retains sovereign immunity to any challenge to its COVID-19 response.

20.     Plaintiff attempts to make a series of allegations about HHSC's COVID-19 response but does not articulate any cause of action and fails to demonstrate a waiver of HHSC's sovereign immunity in addition to failing to establish standing. Therefore, because Plaintiff has not asserted a waiver of HHSC's sovereign immunity, the Court does not have any jurisdiction over Plaintiff's claims or requested relief.

21.     The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State's Eleventh Amendment immunity extends to arms or agencies of the State. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Eleventh Amendment immunity is a jurisdictional bar. *U.S. v. Tex. Tech. Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. Const. amend. XI).

22.     HHSC is a state agency entitled to the protections of sovereign immunity. *Cephus v. Texas Health and Human Services Commission*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015) (quoting *Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97, 99 (Tex. App.—Austin 2014), citing Tex. Gov't Code § 531.021(a) ("HHSC is the state agency designated to administer the Texas Medicaid Program.")).

23.     However, there are three exceptions that allow for suits against states, state agencies, and state officials in federal court: (1) clearly stated waiver or consent to suit by the state; (2) valid abrogation by Congress; or (3) the state's amenity to suit under the *Ex Parte Young* doctrine. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Ex parte Young*, 209 U.S. 123 (1908). First, a state may explicitly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to be "certain that the State in fact consents to suit." *Sossamon v. Tex.*, 563 U.S. 277, 284 (2011). Second, Congress may abrogate sovereign immunity through a clear

expression of the intent to do so if it acts "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996). Third, plaintiff "alleges an ongoing violation of federal law" under *Ex parte Young. Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997).

24.     Here, even if Plaintiff pleaded a cause of action against HHSC related to the State of Texas' COVID-19 response, he has not pleaded any facts and cannot prove that such a cause of action would fall under any of these three exceptions to sovereign immunity. Therefore, HHSC retains its sovereign immunity to any attempted claim about its response to the COVID-19 pandemic and Plaintiff has failed to plead or establish a valid waiver of HHSC's sovereign immunity to Plaintiff's requested relief and conclusory statements.

## C.     Conclusion.

25.     Therefore, Plaintiff does not state any claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because: (1) Plaintiff fails to plead sufficient facts that he was qualified for the positions he applied for; (2) Plaintiff only provides a conclusory allegation that the positions were filled by someone outside his protected class; (3) Plaintiff has not alleged facts to assert a disparate impact claim; (4) Plaintiff does not allege facts to establish standing for the relief he requests; and (5) Plaintiff does not allege any waiver of HHSC's sovereign immunity for any claim or requested relief. For the foregoing reasons HHSC asks this

Court to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### III.    RESPONSE TO REQUEST FOR INJUNCTION

26.    HHSC incorporates the above Motion to Dismiss into this Response to Request for Injunction specifically the provisions relating to HHSC's sovereign immunity that this Court does not have jurisdiction to grant Plaintiff's requested relief under Federal Rule of Civil Procedure 12(b)(1).

### A.    Standard of Review

27.    Injunctive relief "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White* v. *Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co.* v. *Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). To obtain preliminary injunctive relief, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the relief will serve the public interest. *See Planned Parenthood of Houston & Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). A court should not grant such relief "unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *PCI Transp. Inc. v. Fort Worth & Wstrn. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005). Even if a movant satisfies each requirement, however, the Fifth Circuit teaches that the decision to grant an injunction still rests

with the trial court, and that judges reviewing such requests should grant them only under exceptional circumstances. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## B. Arguments and Authorities

### 1. Plaintiff's requested relief does not match his complaint.

28.     A request for injunctive relief must grow out of the underlying complaint that created the action. Federal courts have jurisdiction to hear "Cases" (or "Controversies"), U.S. Const. art. III, § 2, cl. 1, and a party commences a case "by filing a complaint," Fed. R. Civ. P. 3. If a party in an existing case seeks relief unrelated to the complaint, then it effectively asks the court to entertain a case that has not commenced. When a plaintiff's "motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion." *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002).

Here, the Court does not have jurisdiction over Plaintiff's requested relief because the underlying complaint is a Title VII employment discrimination claim, yet Plaintiff requests the following injunctive relief:

> (1) an emergency 2-week state wide stay-at-home order, shut down of nonessential businesses, and mandatory masks in public spaces, in response to new Coronavirus variants and surging cases, with reopening plans oversaw by an independent advisory committee of members disproportionately effected [sic] by Covid-19; (2) immediate ethics training integrity training, racial diversity training, and whistle-blower complaint training for TxHHS from a Texas HBCU, at least quarterly, not to expire; (3) emergency and significant increase in racially diverse members of TxHHS advisory committees, not to expire; (4) emergency Medicaid expansion and other Benefits and Services for equal protection of the public, not to expire; (5) emergency TxHHS Oversight of Regulatory Functions from an independent racially diverse advisory

committee, not to expire; (6) emergency and significant increases in enforcement of current civil rights laws; and (7) all other equitable remedies.

Dkt. 11 at 6. Plaintiff's requested injunctive relief, quoted above, does not grow out of his Title VII failure to hire employment claim and Plaintiff states no other legal claims in his amended complaint. Further, Plaintiff's request would require actions over which HHSC has no authority. Therefore, because Plaintiff's requested injunctive relief raises entirely different issues from those presented in his amended complaint, the Court does not have jurisdiction to grant Plaintiff's injunctive relief and HHSC respectfully requests the Court deny Plaintiff's request for an injunction.

**2. Plaintiff has not shown a likelihood that he will prevail on the merits.**

29.    While Plaintiff's requested relief does not match his complaint, Plaintiff still has not shown a likelihood he will prevail on the merits of his amended complaint because he failed to plead sufficient facts to state a plausible discrimination claim and failed to plead sufficient facts to demonstrate standing or a waiver of sovereign immunity with regard to his nebulous pandemic-related allegations.

**3. Plaintiff cannot demonstrate a substantial threat that he will suffer irreparable injury if the injunction is not granted.**

30.    Mere possibility of harm is not sufficient to show a substantial threat— instead, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original).

31.     Here, Plaintiff does not state that he would suffer an irreparable injury if the injunction is not granted. Rather, Plaintiff's "Irreparable Injury" section of his amended complaint is another list of grievances against the State of Texas and its COVID-19 response and does not have any connection to his pleaded Title VII claim. Dkt. 11 at 5. Plaintiff has not demonstrated that he will suffer any irreparable injury let alone one that is likely in the absence of an injunction.

### 4.     Plaintiff cannot demonstrate his alleged injury outweighs the threatened harm to HHSC.

32.     Here, as explained above, Plaintiff has not alleged a concrete injury that would be likely in the absence of an injunction. Therefore, he cannot demonstrate that any injury would outweigh the threatened harm to HHSC.

### 5.     The public interest weights in favor of HHSC.

33.     "The history of equity jurisdiction is the history of regard for public consequences in employing the extraordinary remedy of the injunction." *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941). Accordingly, federal courts often consider two factors—the balance of the equities and the public interest—together. *See, e.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 26–31 (2008); *see also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

34.     In this case the public interest weighs in HHSC's favor because Plaintiff has not requested any proper relief that matches the claim in his complaint. The public's interest is served in following the law and not allowing pro se plaintiffs to use the federal courts to seek redress of their perceived grievances that fall outside cases and controversies brought before the Court in a properly pleaded complaint.

## C.  Conclusion

35.    Therefore, because: (1) Plaintiff's requested relief does not match his amended complaint; (2) he has not shown a likelihood that he will prevail on the merits; (3) he cannot demonstrate an irreparable injury; (4) he cannot demonstrate than an alleged injury would outweigh harm to HHSC; and (5) the public interest weighs in favor of HHSC, the Court must deny Plaintiff's request for an injunction under Federal Rule of Civil Procedure 12(b)(1), the United States Constitution, and above cited Fifth Circuit precedent.

## IV.    PRAYER

36.    For the reasons set forth above, Defendant HHSC respectfully requests that the Court grant its Motion to Dismiss, dismissing Plaintiff's Amended Complaint and Request for Injunction in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because: (1) Plaintiff fails to plead sufficient facts that he was qualified for the positions he applied for; (2) Plaintiff only provides a conclusory allegation that the positions were filled by someone outside his protected class; (3) Plaintiff has not alleged facts to assert a disparate impact claim; (4) Plaintiff does not allege facts to establish standing for the relief he requests; (5) Plaintiff does not allege any waiver of HHSC's sovereign immunity for any claim or requested relief; (6) Plaintiff's requested injunctive relief requested does not match his amended complaint; and (7) he cannot establish any element for a right to an injunction. Defendant prays for such other and further relief to which it may be justly entitled.

Date: January 8, 2021                    Respectfully submitted.

                                         KEN PAXTON
                                         Attorney General of Texas

                                         BRENT WEBSTER
                                         First Assistant Attorney General

                                         GRANT DORFMAN
                                         Deputy First Assistant Attorney General

                                         SHAWN COWLES
                                         Deputy Attorney General for Civil Litigation

                                         THOMAS A. ALBRIGHT
                                         Chief - General Litigation Division

                                         /s/ *Brian A. Aslin*
                                         **BRIAN A. ASLIN**
                                         Assistant Attorney General
                                         Attorney in Charge
                                         General Litigation Division
                                         Texas Bar No. 24106850
                                         P.O. Box 12548, Capitol Station
                                         Austin, Texas 78711-2548
                                         Telephone (512) 475-4196
                                         Facsimile: (512) 320-0667
                                         brian.aslin@oag.texas.gov

                                         **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF FILING AND SERVICE

On January 8, 2021 the undersigned attorney filed the foregoing document with the Clerk of the Court for the Southern District of Texas and served a true and correct copy of the foregoing to all counsel of record in compliance with the Federal Rules of Civil Procedure.

Dr. Adekunle C. Omoyosi, PharmD
8450 Cambridge Ct, No. 3187
Houston, Texas 77054
513.237.9474
omoyosi@gmail.com

**PRO SE**

/s/ *Brian A. Aslin*
BRIAN A. ASLIN
Assistant Attorney General